IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Charles Jermaine Keitt,                    )
                                           )  Cr. No. 5:07-1020-MBS
                    Movant,                )
                                           )
        vs.                                )
                                           )        **OPINION AND ORDER**
United States of America,                  )
                                           )
                    Respondent.            )
_____)

Movant Charles Jermaine Keitt pleaded guilty on March 3, 2008, to possession with intent

to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(B). Movant was held accountable for 25.18 grams of cocaine base, for a base offense level

of 26. He received a two-level enhancement for possession of a dangerous weapon, resulting in an

offense level of 28. However, Movant had been convicted of two prior felony drug offenses:

possession with intent to distribute approximately 99 grams of marijuana, and possession with intent

to distribute cocaine. See Presentence Investigation Report ¶¶ 31, 32 (ECF No. 63). Therefore,

Movant was classified as a career offender and his offense level was determined under U.S.S.G. §

4B1.1 to be 37. Movant was given a 3-level reduction for acceptance of responsibility, for a total

offense level of 34. With a criminal history category of VI, Movant's guideline range was 262 to

327 months imprisonment. On September 23, 2008, Movant was sentenced to incarceration for a

period of 262 months. Judgment was entered on September 30, 2008.

On September 10, 2009, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence. Among other things, Movant alleged that his trial counsel

was ineffective for failing to challenge Movant's designation as a career offender. Movant further

asserted that he was "actually innocent" of being a career offender . According to Movant, both his prior drug convictions did not qualify as predicate offenses for purposes of the career offender status. The government filed a response in opposition on December 21, 2009.

On April 20, 2011, the court filed an order in which it noted that (1) Movant was convicted on November 3, 2003 of possession of marijuana with intent to distribute (03-GS-27-0411), for which he was sentenced to six months imprisonment; and (2) Movant was convicted on December 14, 2006 of possession with intent to distribute cocaine, first (06-GS-38-00712), for which he was sentenced to 60 days confinement to be served on weekends. The court further noted that under U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Under U.S.S.G. § 4B1.2, Application Notes 1, a "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." The court observed that Movant was 24 years old when he was convicted of possession of marijuana with intent to distribute (03-GS-27-0411), and 27 years old when he was convicted of possession with intent to distribute cocaine, first offense (06-GS-38-00712). The court further noted that S.C. Code Ann. § 44-53-370(b)(2) provides that a person convicted of possession with intent to distribute marijuana, a Schedule I controlled substance, or cocaine, a Schedule II controlled substance, "is guilty of a felony and upon conviction, for a first offense must be imprisoned not more than five years or fined not more than five thousand dollars,

or both." Therefore, both of Movant's prior drug offenses qualify as a predicate offenses for purposes of ascertaining career offender status.

This matter now is before the court on Movant's motion for relief pursuant to Fed. R. Civ. P. 60(b), which motion was filed May 16, 2013. Rule 60(b)(6) allows the court to reconsider its order for "any other reason justifying relief from the operation of the judgment." The Supreme Court has held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

Movant asserts that the court should vacate its April 2011 order in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit applied Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), to establish that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law. Movant states that he served only thirty days of a six month sentence for his marijuana offense, and only sixty days on his cocaine offense.

As an initial matter, the Fourth Circuit held recently that Simmons is not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Accordingly, Movant's claim is not cognizable. Even if Movant were able to assert his claim, Movant's prior convictions subjected him to imprisonment for not more than five years for each offense. To determine whether a conviction qualifies as a felony offense, the court must look at the range of penalties to which Movant potentially was subject, and not to the sentence actually imposed.

See United States v. Williams, 508 F.3d 724, 728 (4th Cir. 2007); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012).

Movant also contends that the court erred in failing to examine court documents concerning the underlying offenses as required by Shepard v. United States, 544 U.S. 13 (2005). In Shepard, the Supreme Court held that, for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), a sentencing court determining a disputed fact about a prior conviction may not look beyond the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the prior trial judge to which the defendant assented. In this case, there was no factual dispute regarding Movant's prior drug convictions. Shepard is inapplicable to Movant's case.

Movant's motion for relief pursuant to Rule 60(b) (ECF No. 165) is **denied**.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 20, 2013



**NOTICE OF RIGHT TO APPEAL**

Movant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.